UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                   )
TEXTRON FINANCIAL CORPORATION,     )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 09-87 S
                                   )
ALTON KEITH FREEMAN,               )
        Defendant.                 )
_____)

**ORDER**

WILLIAM E. SMITH, United States District Judge.

This matter is before the Court on cross-objections by Plaintiff Textron Financial Corporation and Defendant Alton Keith Freeman to the Report and Recommendation ("R&R") Magistrate Judge Lincoln Almond filed on October 28, 2010 in the above-captioned matter.

Plaintiff moved for a preliminary injunction (1) enjoining Defendants from alienating collateral in the future, unless the proceeds are deposited into an escrow account or the Registry of the Court, (2) requiring Defendants to deposit the proceeds of previously-sold collateral into an escrow account or the Registry of the Court, and (3) requiring that the sale price for its collateral be at least the full invoice price. (Pl.'s Mot. for TRO and Prelim. Inj. Enjoining Alienation of Collateral at 1, ECF No. 40.) In his R&R, Magistrate Judge Almond recommended

that Plaintiff's motion be granted in part and denied in part. More specifically, he recommended that the preliminary injunction be granted with respect to collateral alienated in the future, and denied with respect to previously-sold collateral. ("R&R" 7, ECF No. 40.)

In passing on objections to an R&R, the Court reviews de novo the parts of the R&R to which there have been objections and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3).

While this case is a close call, after careful consideration of the parties' objections, the Court concludes that the Magistrate Judge analyzed the merits of the issues correctly. The Court therefore accepts the R&R pursuant to Title 28 United States Code § 636(b)(1), with one clarification. In the R&R, the Magistrate Judge concluded that "it is undisputable that Freeman does not own the collateral in question free and clear." (R&R 8.) The Court agrees with the Magistrate Judge that Freeman does not appear to own the equipment free and clear; however, the Court recognizes that whether Freeman owns the equipment is a hotly contested fact at the center of this dispute. The Court understands that this issue will be further litigated at trial, and its conclusion here is for purposes of deciding this motion only.

Plaintiff's motion for a preliminary injunction is hereby DENIED with respect to the previously-sold collateral, and GRANTED with respect to the proceeds and price of collateral alienated in the future.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
U.S. District Judge
Date: February 7, 2011